[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This is an appeal from a decision by an Administrative Appeals Officer of the Rhode Island Department of Human Services (hereinafter "DHS") dated April 29, 1992. That decision denied Artis McDuffy (hereinafter "the plaintiff") General Public Assistance (GPA) because he was not unemployable, as required by the GPA Program. Jurisdiction in this Court is pursuant to G.L. 1956 (1988 Reenactment) § 42-35-15.
Facts and Travel
This action originated with the plaintiff's application for GPA benefits. To support his application, the plaintiff produced a G-1b form completed by Dr. David Maglio, O.D. Dr. Maglio diagnosed acute low back pain as a result of an injury suffered by the plaintiff on January 7, 1992. According to Dr. Maglio, this injury would prevent the plaintiff from performing certain specified physical activities for one to two months. As a result, DHS held that the plaintiff was unemployable and eligible for GPA benefits retroactive to January 9, 1992.
On February 6, 1992, DHS issued written notice to the plaintiff terminating his GPA benefits effective March 5, 1992 because he was considered employable.[1] On February 20, 1992, the plaintiff, seeking to remain eligible for GPA benefits, was told by DHS staff that he should reapply for GPA benefits. As a result, the plaintiff was given a new G-1b form and told to return to the DHS after being reexamined by his doctor.
On March 4, 1992, the plaintiff was reexamined by Dr. Maglio. Dr. Maglio diagnosed addictions to alcohol and cocaine. According to Dr. Maglio the plaintiff's limitations in certain unspecified physical activities, as well as his mental and emotional limitations, were related to his addictions to alcohol and cocaine. As a result, Dr. Maglio concluded that the plaintiff's condition would affect his ability to function for four to six months.
On March 9, 1992, the plaintiff presented a G-1b form completed by Dr. Maglio and containing the above conclusions. After reviewing the plaintiff's reapplication for GPA, DHS caseworkers denied the plaintiff's request for benefits because he was considered employable. The caseworkers concluded that since the plaintiff's G-1b did not indicate back problems, but rather an addiction to alcohol and cocaine, the plaintiff no longer suffered from a lower back injury. Hearing Transcript, hereinafter Tr. 13. Thus, the plaintiff was classified as employable and was denied GPA benefits.
The plaintiff appealed and, after a hearing, the Appeals Officer concluded that the plaintiff was employable. This decision was based on the plaintiff's testimony that he is seeking employment but has not been hired because of his prison record. This testimony, the Appeals Officer concluded, diminished any medical evidence supporting the plaintiff's assertion that he is unemployable. Furthermore, the Appeals Officer held that although the G-1b form stated that the plaintiff suffers from physical, mental, and emotional limitations, Dr. Maglio indicated that these limitations were related to his addiction. This medical assessment was found insufficient to support the plaintiff's contention that he is unemployable. The Appeals Officer concluded that DHS correctly determined that the plaintiff is not eligible for GPA benefits. From this decision the plaintiff timely appealed to this Court.
The plaintiff contends that DHS ignored regulations found in the DHS Manual. The plaintiff argues that these regulations required DHS to supplement the plaintiff's G-1b form since that form did not clearly establish the plaintiff's unemployability. The plaintiff also argues that DHS erroneously relied on the plaintiff's testimony that he was seeking employment in concluding that the plaintiff was employable and thus eligible for benefits.
DHS contends that the plaintiff was not unemployable based on the following conclusions. First, the plaintiff's initial G-1b form, supporting his unemployability due to a back injury, did not mention a substance abuse problem. Since the plaintiff did not have a substance abuse problem two months prior to the filing of his second G-1b form, DHS concluded that the plaintiff could not now have a substance abuse problem. Second, since the plaintiff stated that he was seeking employment, DHS concluded that he was employable. Third, DHS argues that there was a lack of medical evidence supporting the plaintiff's assertion that he is unemployable. According to DHS, the plaintiff's second G-1b form did not sufficiently satisfy the agency's personnel that any substance abuse problems the plaintiff was experiencing were interfering with the plaintiff's ability to work. Thus, DHS concluded that the plaintiff did not suffer from substance abuse and was therefore employable. As such, DHS urges this Court to affirm the decision of the Appeals Officer denying the plaintiff's application for benefits.
Standard of Review
Pursuant to G.L. § 42-35-15, the Superior Court possesses appellate jurisdiction to review decisions of various state administrative agencies. Section 42-35-15 provides in pertinent part:
 42-35-15. Judicial review of contested cases.
 (g) The court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact. The court may affirm the decision of the agency or remand the case for further proceedings, or it may reverse or modify the decision if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
 (1) In violation of constitutional or statutory provisions;
 (2) In excess of the statutory authority of the agency;
 (3) Made upon unlawful procedure;
 (4) Affected by other error of law;
 (5) Clearly erroneous in view of the reliable, probative, and substantial evidence on the whole record; or
 (6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.
This section precludes a reviewing court from substituting its judgment for that of the agency regarding the credibility of the witnesses or weight of the evidence concerning questions of fact.Costa v. Registry of Motor Vehicles, 543 A.2d 1307, 1209 (R.I. 1988). Furthermore, this Court must limit its review of the record to determine whether any legally competent evidence exists to support the agency's decision. Blue Cross Blue Shield v.Caldarone, 520 A.2d 969, 972 (R.I. 1987). Thus, this Court will reverse factual conclusions of administrative agencies only when those conclusions are "totally devoid of competent evidentiary support in the record." Milardo v. Coastal Resources Mgmt.Council, 434 A.2d 266, 272 (R.I. 1981). However, this Court "may freely review questions of law to determine what the law is and its applicability to the facts." Chenot v. Bordeleau,561 A.2d 891, 893 (R.I. 1989); Carmody v. Rhode Island Conflict ofInterest Commission, 509 A.2d 453, 458 (R.I. 1986).
Analysis
The DHS Manual provides the criteria for determining unemployability. Section 608.10.10.05 of the regulations provides in pertinent part:
 The agency medical form (G-1b) is used to establish the existence of a mental or physical condition that is preventing the applicant/recipient from working. The G-1b form should demonstrate the effect the incapacity or illness has on the person's ability to work, the duration of the incapacity and any recommendation for treatment or care.
 . . .
 In situations where the G-1b does not clearly
establish the unemployability of the individual, the GPA social worker and applicant/recipient complete the G-70, Employability Data Form, for review by the casework supervisor. Consideration is given to the previous types of employment and the effect the current medical condition has on the person's ability to perform this type of work. Also, consideration is given to the person's age, education, abilities and capabilities, and the effect these have on his/her potential for employment. (emphasis added).
 If a decision is still not possible, the casework supervisor completes the final section of the G-70 to request a medical consultation with the appropriate individual(s) . . .
This Court notes that DHS determined that the record is devoid of medical evidence establishing unemployability. The record, therefore, does not Clearly establish the plaintiff's unemployability. This conclusion necessarily required DHS to satisfy its responsibilities by completing the G-70 Employability Data Form. DHS has arbitrarily ignored its own applicable regulations.
This Court finds that the factual conclusions of DHS are not supported by any legally competent evidence. DHS has relied on plaintiff's initial G-1b to support its contention that the plaintiff could not develop a substance abuse problem in a mere two months. That conclusion is totally devoid of evidentiary support in the record.
Furthermore, DHS found that since the plaintiff was seeking work, he was employable. This conclusion is clearly arbitrary. Seeking work, and being able to work, are unrelated components. Ability to work is the controlling issue. According to DHS regulations, unemployability due to a primary diagnosis of alcoholism or drug abuse is a medical determination. See DHSManual 608.10.05. Although a person, such as the plaintiff, may be able to seek employment, he may not necessarily be able to perform such employment due to those medical limitations. The agency's conclusion to the contrary was clearly erroneous and unsubstantiated by the evidence.
This Court also finds, based on the record before it, that denying the plaintiff benefits merely because his doctor failed to be more specific on the G-1b form is harsh and unnecessary. Such a remedy is excessive in light of the purpose and responsibilities of DHS, which are to "provide public assistance to residents of Rhode Island who are in need and who meet the eligibility requirements . . ." See R.I.G.L. 1956 (1990 Reenactment) § 40-6-2 (purpose of Public Assistance Act). Although this Court recognizes that an agency's interpretation of its own regulations is given controlling weight, such deference is far from blind allegiance. Citizens Savings Bank v. Bell,605 F. Supp. 1033, 1041 (D.R.I. 1985).
After review of the entire record, this Court finds that the decision of the Department of Human Resources is arbitrary, capricious, and made upon unlawful procedure. Accordingly, the April 29, 1992 DHS decision is reversed. This case is remanded to DHS for a determination of whether the plaintiff was employable based upon proper application of its regulations.
[1] The February 6, 1992, termination of plaintiff's benefits is not an issue in this appeal.